IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY MIRANDA,

    Plaintiff,

vs.

DR. KIM, et al.,

    Defendants.

CV F 04 6517 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CCI Tehachapi. Plaintiff claims that he was subjected to inadequate medical care. Plaintiff names the following individual defendants: Medical Technical Assistant (MTA) Corranza; Dr. Kim, M.D.; S. Whitlach, Appeals Coordinator.

In the first week of September, 2004, plaintiff went to the medical clinic with complaints of stomach pain. MTA Corranza refused to let plaintiff see a physician, though another MTA did allow plaintiff to see the on duty physician. The physician, Dr. Kim,

1

prescribed medication for plaintiff's condition.

Plaintiff's condition failed to improve, and he was seen again by a different physician, who prescribed a different medication. This regime failed to work, and plaintiff was seen again by Dr. Kim. Dr. Kim prescribed yet another medication. This medication was causing stomach cramps and pain in plaintiff's lower back area. During this appointment, plaintiff "requested to be tested for the cause of his condition." Plaintiff filed an inmate grievance regarding his medical care. Defendant Whitlach failed to respond within the time set by prison regulations.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As to plaintiff's medical care, under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, plaintiff fails to allege facts sufficient to state a claim for relief.  Though Dr. Kim's treatment regimen failed to alleviate plaintiff's symptoms, that is insufficient to hold Dr. Kim liable for deliberate indifference.  Dr. Kim responded to plaintiff's condition with different medications, indicating a reasonable response to plaintiff's concern. .  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).   Plaintiff must allege facts indicating that Dr. Kim knew of and disregarded a serious risk to plaintiff's health.

As to MTA Corranza, plaintiff alleges that he denied plaintiff permission to see the doctor.  Plaintiff was, however, granted permission to see the doctor by another MTA.  There are no allegations that Corranza's conduct caused plaintiff actual injury.

As to defendant Whitlach, a failure to timely respond to an inmate grievance, of itself, fails to rise to the level of a constitutional violation.  Plaintiff must allege facts indicating that Whitlach engaged in conduct that deprived plaintiff of a protected interest.

Because plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   May 10, 2005**           /s/  William M. Wunderlich
mmkd34                              UNITED STATES MAGISTRATE JUDGE